IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOROTHEA MONTALVO PUENTE,<br><br>    Petitioner,<br><br>  v.<br><br>GWENDOLYN MITCHELL, et al.,<br><br>    Defendants.<br>_____/ | No. C 02-04129 JSW<br><br>**ORDER** |

On March 10, 2006, this Court denied Petitioner Dorothea Montalvo Puente's petition for a writ of habeas corpus. Petitioner filed a notice of appeal on March 20, 2006.

**BACKGROUND**

On August 26, 1993, Petitioner was convicted by a jury in the Superior Court for the State of California in and for the County of Monterey of two counts of first-degree murder (counts five and seven), one count of second-degree murder (count four), and the jury found true the multiple murder special circumstance. On December 10, 1993, the trial court sentenced Petitioner to two concurrent terms of life without the possibility of parole on counts five and seven and one concurrent term of fifteen years to life on count four. Petitioner is currently incarcerated at the Central California Women's Facility in Chowchilla, California.

**LEGAL STANDARD**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA") (formerly known as a certificate of probable cause to appeal ("CPC")). *See* 28 U.S.C. § 2253(c). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  The certificate must indicate which issues satisfy this standard.  *See id.*; 28 U.S.C. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484.  This requires an overview of the claims in the habeas petition and a general assessment of their merits.  It does not require full consideration of the factual or legal bases adduced in support of the claims.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Nor does it require a showing that the appeal will succeed.  *Id.*; *accord Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (issuance of COA is not precluded merely because petitioner cannot meet standard for actually obtaining habeas relief).  The question is the debatability of the underlying claim, not the resolution of that debate.  *Miller-El*, 537 U.S. at 342.

Except for substituting the word "constitutional" for the word "federal," section 2253(c)(2) codified the standard announced by the United States Supreme Court in *Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983).  *Slack*, 529 U.S. at 483.  In *Barefoot*, the Supreme Court explained that "a substantial showing of the denial of [a] federal right" means that a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further."  *Id.* (citations and internal quotations omitted; emphasis in original).  In this case, several of Petitioner's issues were barred by procedural default, as well as being without merit.

Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on procedural default grounds, as here.  *See Slack*, 529 U.S. at 483.  "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the

2

prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *See id.*

The COA must indicate which issues satisfy the section 2253(c)(3) standard, and the Court of Appeals is limited to considering only those claims. *Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

## DISCUSSION

The Court recognizes that in ruling on the request for a COA, Petitioner need not demonstrate that she will succeed on appeal. After again considering the record in this matter, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons set forth in its Order denying the petition on the merits. The Court concludes that Petitioner has not "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

As to the procedural ground, Petitioner is entitled to a COA only if she can show both that (1) reasonable jurists would find it debatable whether this Court was correct in its procedural ruling and (2) reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *See id.* The outcome here was compelled by the Ninth Circuit decision in *Bennett v. Mueller*, 296 F.3d 752, 757-58 (9th Cir. 2002), as discussed in the Court's ruling. In view of *Bennett*, jurists of reason would not find it debatable whether the Court was correct on its procedural ruling. For the reasons set out in the Court's ruling, Petitioner's contentions were clearly without merit and reasonable jurists would not find

the Court's assessment of the procedural issues of untimeliness in this matter debatable or wrong.

Accordingly, Petitioner's application for a COA is DENIED.

**IT IS SO ORDERED**.

Dated: March 28, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE